NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| DEBORAH ERICKSON, : <br> : <br> : <br> Plaintiff, : <br> : <br> v. : <br> : <br> YCS-GEORGE WASHINGTON : <br> SCHOOL, : <br> : <br> : <br> Defendant. : | Civil Action No. 13-4187 (SRC) <br><br> **OPINION & ORDER** |

**CHESLER, U.S.D.J.**

This matter comes before the Court on the motion to compel arbitration by Defendant YCS-George Washington School ("YCS"). For the reasons that follow, the motion will be denied.

This case stems from an employment dispute. Plaintiff Deborah Erickson was employed by Defendant YCS. Plaintiff filed a Complaint alleging employment discrimination and other grievances. YCS now moves to compel arbitration to resolve these disputes.

Questions of arbitrability are presumed to be for judicial determination. Quilloin v. Tenet HealthSystem Phila., Inc., 673 F.3d 221, 228 (3d Cir. 2012). The Third Circuit has held that "[b]efore a party to a lawsuit can be ordered to arbitrate and thus be deprived of a day in court, there should be an express, unequivocal agreement to that effect." Par-Knit Mills, Inc. v. Stockbridge Fabrics Co., Ltd., 636 F.2d 51, 54 (3d Cir. 1980). The Third Circuit recently resolved the question of the appropriate legal standard for deciding a motion to compel

arbitration. In Guidotti v. Legal Helpers Debt Resolution, L.L.C., it held that where arbitrability is apparent on the face of the complaint, a Rule 12(b)(6) standard of review should be applied. 716 F.3d 764, 774 (3d Cir. 2013). However, where the complaint does not establish on its face that the parties have agreed to arbitrate, or when the party opposing arbitration has come forward with reliable evidence that it did not intend to be bound by an arbitration agreement, the Court of Appeals determined that granting a motion to compel arbitration under a Rule12(b)(6) standard would not be appropriate. Id. In those instances, either further factual development is needed or, if the Court is presented with evidence placing the arbitrability question in issue, the issue must be decided under the Rule 56 summary judgment standard. Id.

YCS moves to compel arbitration on the basis of an employment agreement which it claims incorporates policies contained in a personnel manual (the "Manual"). Pursuant to Guidotti, this Court first looks to the Third Amended Complaint to determine whether arbitrability is apparent on the face of the complaint. It is not: the Third Amended Complaint has no information about arbitrability on its face, nor does either party contend that it does.

Next, this Court asks whether the party opposing arbitration, here Plaintiff, has come forward with reliable evidence that she did not intend to be bound by an arbitration agreement. Plaintiff points to an undated agreement which she signed. (Pl.'s Ex. F.) This document is entitled, "Employee Receipt and Acknowledgement for YCS Mandatory Grievance Procedure Applicable to All Staff Other Than Those Classified as Administration." (Id.) The third paragraph of this document states:

> In addition, I understand that I must timely complete all levels of YCS's
> Mandatory Grievance Procedure up to and including binding arbitration before I
> attempt to institute any action in court or with an administrative agency.

(Id.)  Beginning with the word, "must," a line has been drawn through all lines in this paragraph, and the initials "DE" appear under the stricken paragraph.  (Id.)  This evidence is sufficient to raise a factual dispute over whether Plaintiff intended to be bound by an agreement to arbitrate.  The motion to compel arbitration must be denied.  The Third Circuit has specified the next steps in addressing the issue of arbitrability:

> [A] restricted inquiry into factual issues will be necessary to properly evaluate whether there was a meeting of the minds on the agreement to arbitrate, and the non-movant must be given the opportunity to conduct limited discovery on the narrow issue concerning the validity of the arbitration agreement.

Guidotti, 716 F.3d at 774 (citations omitted).

Defendant's reply brief does not address Guidotti, nor the matter of the factual dispute raised by Plaintiff over whether she intended to be bound by an agreement to arbitrate. Defendant's motion to compel arbitration will be denied.

For these reasons,

**IT IS** on this 22nd day of July, 2014,

**ORDERED** that Defendant's motion to compel arbitration (Docket Entry No. 13) is **DENIED**.

       s/ Stanley R. Chesler
STANLEY R. CHESLER
United States District Judge