NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| DEBORAH ERICKSON, : <br> : <br> : <br> Plaintiff, :     Civil Action No. 13-4187 (SRC) <br> : <br> v. :     **OPINION & ORDER** <br> : <br> YCS-GEORGE WASHINGTON : <br> SCHOOL, : <br> : <br> Defendant. : | |

**CHESLER, U.S.D.J.**

This matter comes before the Court on the motion for summary judgment, pursuant to Federal Rule of Civil Procedure 56, by Defendant YCS-George Washington School ("YCS"). For the reasons that follow, the motion will be denied.

This case stems from an employment dispute. The parties do not dispute that Plaintiff Deborah Erickson was employed by YCS as a social worker, that she reported developing hearing loss during her employment, and that she was terminated by YCS. The Second Amended Complaint asserts one claim, alleging employment discrimination in violation of the Americans with Disabilities Act ("ADA") and NJLAD. YCS now moves for summary judgment on this claim.

Summary judgment is appropriate under FED. R. CIV. P. 56(c) when the moving party demonstrates that there is no genuine issue of material fact and the evidence establishes the moving party's entitlement to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S.

317, 322-23 (1986).  A factual dispute is genuine if a reasonable jury could return a verdict for the non-movant, and it is material if, under the substantive law, it would affect the outcome of the suit.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  "In considering a motion for summary judgment, a district court may not make credibility determinations or engage in any weighing of the evidence; instead, the non-moving party's evidence 'is to be believed and all justifiable inferences are to be drawn in his favor.'"  Marino v. Indus. Crating Co., 358 F.3d 241, 247 (3d Cir. 2004) (quoting Anderson, 477 U.S. at 255).

Plaintiff bears the burden of proof of employment discrimination at trial.  "[W]ith respect to an issue on which the nonmoving party bears the burden of proof . . . the burden on the moving party may be discharged by 'showing' – that is, pointing out to the district court – that there is an absence of evidence to support the nonmoving party's case."  Celotex, 477 U.S. at 325.

Once the moving party has satisfied its initial burden, the party opposing the motion must establish that a genuine issue as to a material fact exists.  Jersey Cent. Power & Light Co. v. Lacey Township, 772 F.2d 1103, 1109 (3d Cir. 1985).  The party opposing the motion for summary judgment cannot rest on mere allegations and instead must present actual evidence that creates a genuine issue as to a material fact for trial.  Anderson, 477 U.S. at 248; Siegel Transfer, Inc. v. Carrier Express, Inc., 54 F.3d 1125, 1130-31 (3d Cir. 1995).  "[U]nsupported allegations . . . and pleadings are insufficient to repel summary judgment."  Schoch v. First Fid. Bancorporation, 912 F.2d 654, 657 (3d Cir. 1990); see also FED. R. CIV. P. 56(e) (requiring nonmoving party to "set out specific facts showing a genuine issue for trial").  "A nonmoving party has created a genuine issue of material fact if it has provided sufficient evidence to allow a

jury to find in its favor at trial." Gleason v. Norwest Mortg., Inc., 243 F.3d 130, 138 (3d Cir. 2001).

If the nonmoving party has failed "to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial, . . . there can be 'no genuine issue of material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Katz v. Aetna Cas. & Sur. Co., 972 F.2d 53, 55 (3d Cir. 1992) (quoting Celotex, 477 U.S. at 322-23).

Defendant moves for summary judgment, contending that Plaintiff cannot establish a *prima facie* case of employment discrimination on two grounds: 1) she was not qualified for the position; and 2) "the extent of her alleged disability is not sufficiently supported by expert medical evidence." (Def.'s Br. 13.) Defendant also moves for summary judgment on Plaintiff's retaliation claim, contending that Plaintiff has no evidence that she was discharged in retaliation for requesting disability accommodations.

As the moving party who does not bear the burden of proof at trial, YCS satisfies its initial summary judgment burden by pointing to the absence of evidence to support Plaintiff's case. It has done so by pointing to three critical factual matters: 1) Plaintiff has no evidence that she was qualified for her position in the period preceding her termination; 2) "there is no medical evidence regarding either Plaintiff's alleged disability or the accommodations allegedly required" (Def.'s Br. 13); and 3) Plaintiff has no evidence of a causal relationship between discharge and a request for accommodations. The summary judgment burden now shifts to Plaintiff, who must point to evidence sufficient to persuade a reasonable jury to make a finding

3

in her favor on these matters.

This is clearly a case that turns on factual determinations that will be strongly contested at trial. The presence of material factual disputes which preclude a grant of summary judgment is quite apparent on this motion. In regard to Defendant's first point, that Plaintiff has no evidence that she was qualified for her position in the period preceding her termination, Plaintiff points to the evidence that YCS, even after terminating her, offered her a job as a social worker for the 2013-2014 school year. (Pl.'s Br. Ex. O.) As Plaintiff contends, this could persuade a reasonable jury to find that she was qualified for a social worker position at the time of termination, and is sufficient to defeat the motion for summary judgment on this point. Plaintiff has pointed to sufficient evidence to raise a material factual question about whether she was qualified for employment as a social worker.

As to the second point, YCS begins with this statement of the law: "Where either the nature and extent of Plaintiff's disability and/or the required accommodations are not readily apparent, expert medical evidence is required." (Def.'s Br. 13.) This Court need not consider at this juncture the question of whether this accurately states the law,[1] because, if correct, YCS cannot prevail on a motion for summary judgment: this asserted principle of law, if correct, rests on the condition precedent that the disability or the accommodations are not readily apparent. This is not a case, however, in which it is apparent that Plaintiff's claim of hearing problems is groundless. *If* YCS is correct on the law, a challenging factual inquiry would be needed to

---

[1] The Court notes that the Third Circuit has held, in the context of an ADA claim, that "the necessity of medical testimony turns on the extent to which the alleged impairment is within the comprehension of a jury that does not possess a command of medical or otherwise scientific knowledge." Marinelli v. City of Erie, 216 F.3d 354, 360 (3d Cir. 2000). The Court cannot at this juncture determine that a jury would be unable to comprehend Plaintiff's hearing difficulties.

ascertain the condition precedent: whether the nature and extent of Plaintiff's disability and/or the required accommodations are not readily apparent.  In any case, Plaintiff points to the letter dated March 20, 1998 from Daniel Van Engel, M.D., stating that Plaintiff has hearing loss.  (Pl.'s Br. Ex. A.)  As to the second point, YCS has not persuaded that it is entitled to judgment as a matter of law.

Lastly, as regards Defendant's third point on evidence of causality for the retaliation claim, Plaintiff points to the letter dated June 27, 2012 from YCS benefits coordinator Sydney Williams to Plaintiff.  (Pl.'s Br. Ex. F.)  As Plaintiff contends, a reasonable jury could read this letter as circumstantial evidence that Plaintiff's requests for accommodation were a cause of her termination.[2]  Plaintiff has pointed to sufficient evidence to defeat the motion for summary judgment on this point.

YCS has failed to show that it is entitled to judgment as a matter of law on any of the issues presented, and the motion for summary judgment will be denied.

For these reasons,

**IT IS** on this 20th day of April, 2015,

**ORDERED** that Defendant's motion for summary judgment (Docket Entry No. 29) is **DENIED**.

    s/ Stanley R. Chesler
    STANLEY R. CHESLER
    United States District Judge

---

[2] Defendant's reply brief contends that Plaintiff relies solely upon the temporal proximity of the last accommodation request and termination to establish causation.  (Def.'s Reply Br. 7.)  This mischaracterizes Plaintiff's opposition, which relies on the text of a document, the letter dated June 27, 2012, to support causation.  Reliance on the text of documentary evidence is not the same as relying on the temporal proximity of events alone.